# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10308

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CEDRICK DIGGS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-513

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Cedrick Diggs, federal prisoner # 27072-177, stands convicted of three counts of conspiracy to obstruct interstate commerce by robbery and three counts of using and carrying a firearm during a crime of violence.  In the underlying matter, the district court denied, as an unauthorized successive 28 U.S.C. § 2255 motion, Diggs's motion filed pursuant to Federal Rule of Criminal Procedure 35 and denied his motion for recusal of the district court judge.  Diggs seeks a COA solely from the denial of his recusal motion and asks

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10308

that the matter be remanded to the district court for consideration by a different district court judge.

Because Diggs appeals the denial of his recusal motion, a COA is not required. *See Trevino v. Johnson,* 168 F.3d 173, 176-78 (5th Cir. 1999). Accordingly, his motion for a COA is DENIED AS UNNECESSARY.

In his motion for recusal, Diggs argued that, based upon disciplinary matters and complaints of impartiality involving the district court judge, which had nothing to do with Diggs's case, the judge could not be impartial and unbiased in the matter because Diggs is an African American. Diggs's conclusory argument for recusal failed to show that the judge displayed an antagonism against African Americans that would have made a fair judgment impossible. *See* 28 U.S.C. §§ 144, 455(a) & (b)(1); *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Accordingly, the district court did not abuse its discretion in denying the motion for recusal. *See United States v. Scroggins*, 485 F.3d 824, 829 (5th Cir. 2007).

The denial of Diggs's motion for recusal is AFFIRMED. Diggs's motion to proceed in forma pauperis on appeal is DENIED as moot. Diggs is WARNED that future repetitive and frivolous filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.